IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

| | | |
|---|---|---|
| KATHRYN E. HICKMAN and AMBER K. DODGE, individually and on behalf of all individuals similarly situated, | : : : : | |
| *Plaintiffs*, | : : | CASE NO.: 2:24-cv-03757 |
| v. | : : : | JUDGE: _____ |
| RP'S GRIT & GRACE, LLC, dba SHAKER'S PUBLIC HOUSE, TRIUMPH VENTURE, LLC, dba SHAKER'S PUBLIC HOUSE, CAITLIN B. CAMPBELL, SPENCER CAMPBELL, | : : : : : : : | JURY DEMANDED |
| *Defendants*. | : | |

**COMPLAINT**

---

**I.     INTRODUCTION**

1.     Kathryn E. Hickman and Amber K. Dodge ("Named Plaintiffs") bring this action against Defendants RP's Grit & Grace, LLC, *dba* Shaker's Public House, Triumph Venture, LLC, *dba* Shaker's Public House, owner Caitlin B. Campbell, and owner Spencer Campbell (collectively "Defendants"). Defendants are a single enterprise that does business under the name of Shaker's Public House in Worthington, Ohio.

2.     Named Plaintiffs bring these federal claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Named Plaintiffs seek Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to inform other similarly situated employees of their rights under the FLSA.

3.     Named Plaintiffs bring these Ohio claims against Defendants, who were their employers, in order to recover compensation, liquidated damages, attorneys' fees and costs, and

other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, the Ohio Constitution, Art. II Section 34a ("Ohio Constitution") (the Ohio Wage Act, the OPPA and the Ohio Constitution will be collectively referred to herein as the "Ohio Wage Laws") and O.R.C. § 2307.60. Named Plaintiffs bring their FLSA action on behalf of themselves and all similarly situated employees who file their written consent to join this action pursuant to 29 U.S.C. § 216(b). Named Plaintiffs bring their Ohio Acts and O.R.C. § 2307.60 claims individually and one behalf of similarly situated Ohio employees who join this lawsuit.

4. Named Plaintiffs and those similarly situated are current and former employees of Defendants who were paid a tipped hourly wage less than the federal and Ohio statutory minimum wage and minimum overtime wage for hours worked over 40 in a workweek and for whom Defendants relied on the "tip credit" provisions of the FLSA and applicable Ohio Wage Laws to satisfy their statutory minimum wage obligations (hereafter, "Tip Credit Employees"). These Tip Credit Employees include, for example, servers and bartenders.

5. Defendants violated the FLSA and the Ohio Wage Laws because they: (1) failed to satisfy the notice prerequisite for taking the "tip credit"; (2) required Tip Credit Employees to share tips with back-of-house employees who earn have no or only *de minimis* interaction with customers while taking a tip credit; (3) required Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work tasks before and after serving customers and throughout their shift while being paid less than the statutory minimum wages.

6. Because the requirements for taking the tip credit were not satisfied, Defendants were not permitted to rely on it to satisfy their minimum wage and overtime obligations under the FLSA and Ohio Wage Laws and were required to pay the entire statutory minimum wage and

overtime wage.

7. Under the FLSA and Ohio Wage Laws, Defendants may not retain tips other than to contribute them pursuant to a lawful tip pool of employees who customarily and regularly receive tips. By retaining these tips to pay back-of-house employees, Defendants retained tips earned by Named Plaintiffs and other Tip Credit Employees and is required to return the tips to the employees who earned them and pay liquidated damages.

8. In the alternative to the Ohio Wage Laws claims that unlawfully retained tips must be returned to the Tip Credit Employees who earned them, Plaintiff alleges that Defendants have been unjustly enriched at the expense of Plaintiff and other Tip Credit Employees by retaining these tips and using them to subsidize the labor costs for back-of-house employees. Plaintiff and other Tip Credit Employees conferred this benefit, Defendants appreciated the benefit, and it would be inequitable for Defendants to retain the benefit without payment for its value. Accordingly, Defendants must repay the value of the tips unlawfully retained.

## II.  JURISDICTION AND VENUE

9. This Court has jurisdiction over Named Plaintiffs' claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

10. This Court has jurisdiction over Named Plaintiffs' supplemental Ohio state law claims pursuant to 28 U.S.C. § 1367.

11. Venue for this action properly lies in the Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### III. PARTIES

#### A. Plaintiffs

12. Plaintiff Hickman is an adult individual residing in Canal Winchester, Ohio at 7285 Bromfield Drive, Canal Winchester, Ohio 43110. Plaintiff Hickman was employed as a Server at Defendants' Worthington location from approximately March 19, 2024 until May 23, 2024, when she became a Bartender. Plaintiff Hickman then served as a Bartender at Defendant's Worthington location until May 23, 2024. Her Notice of Consent to Join this Lawsuit is attached in **Exhibit A**.

13. Plaintiff Dodge (formerly Fernandez) is an adult individual residing in Columbus, Ohio at 727 Worthington Woods Blvd., Apt. 209, Columbus, Ohio 43085. Plaintiff Dodge is employed as a Bartender at Defendants' Worthington location from approximately March 18, 2024 until June 18, 2024. Her Notice of Consent to Join this Lawsuit is attached in **Exhibit B**.

14. Throughout their employment, Defendants paid Named Plaintiffs hourly wages less than the statutory minimum wage and the minimum overtime wage and relied on customer tips to satisfy their minimum wage obligations to Named Plaintiffs, pursuant to the tip-credit provisions of the FLSA and Ohio Wage Laws.

15. The Putative Plaintiffs are all non-exempt employees employed by Defendants at any time within three (3) years preceding the commencement of this action who were paid a tipped minimum wage and/or subject to Defendants' tip pooling policies. ("Tip Credit Employees")

#### B. Defendants

16. Defendant RP's Grit & Grace, LLC, *dba* Shaker's Public House ("Defendant RP") is a domestic limited liability company and is registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Caitlin B. Campbell at 4155 Atlanta Drive, Columbus, Ohio 43228.

17. Defendant Triumph Venture, LLC, *dba* Shaker's Public House ("Defendant Triumph") is a domestic limited liability company and is registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Caitlin B. Campbell at 4155 Atlanta Drive, Columbus, Ohio 43228

18. Defendant Caitlin B. Campbell ("Ms. Campbell") is an adult individual who does business throughout the state of Ohio and is an owner of Defendant RP and Defendant Triumph. Process may be served at her residence at 4155 Atlanta Drive, Columbus, Ohio 43228.

19. Defendant Spencer Campbell ("Mr. Campbell") is an adult individual who does business throughout the state of Ohio and is an owner of Defendant RP and Defendant Triumph. Process may be served at his residence at 4155 Atlanta Drive, Columbus, Ohio 43228.

20. Defendant RP, Defendant Triumph, Ms. Campbell, and Mr. Campbell will be collectively referred to as "Defendants."

21. Defendants share a common location, 4155 Atlanta Drive, Columbus, Ohio 43228.

22. Defendants hold themselves out as, act as, and in fact comprise a single enterprise.

23. Defendants centrally control employment policies and practices for all of their employees.

24. Defendants regularly oversee business operations, address employment issues, and specifically implement pay and other employment practices and policies.

25. Defendants share a common purpose of operating a bar and restaurant.

26. Defendants' enterprise acts through each of the Defendants.

27. Furthermore, each of the Defendants acts directly in the interest of itself and of the other entities comprising the enterprise as an employer in relation to Named Plaintiffs and the Tip Credit Employees.

28. Thus, each Defendant is a "person" (within the meaning of the FLSA and the Ohio Wage Laws) "acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. §§ 203(a),

29. As a result, Defendants, both individually and collectively, employ the Named Plaintiff and the Tip Credit Employees within the meaning of the FLSA and Ohio Wage Laws.

### IV. FACTUAL ALLEGATIONS

30. At all times material to this Complaint, Defendants were joint employers within the meaning of the FLSA, Ohio Wage Laws, and O.R.C. § 2307.60.

31. During all times material to this Complaint, Defendants jointly employed Named Plaintiffs and the Tip Credit Employees within the meaning of the FLSA, Ohio Wage Laws, and O.R.C. § 2307.60.

32. During all times material to this Complaint, Named Plaintiffs and the Tip Credit Employees were Defendants' employees pursuant to the FLSA, Ohio Wage Laws, and O.R.C. § 2307.60.

33. During all times material to this Complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

34. During all times material to this Complaint, Named Plaintiffs and the Tip Credit Employees were non-exempt employees as that term is defined by the FLSA and the Ohio Wage Laws.

35. Defendants jointly employ Servers and Bartenders, such as Named Plaintiffs and the Tip Credit Employees, to provide services to their restaurant patrons at a single restaurant location in Worthington.

36. Prior to relying on the tip credit, employers are required to inform employees of certain information.

37. Defendants did not inform Named Plaintiffs and other Tip Credit Employees of the required information prior to relying on the tip credit.

### A. Defendant's Improper Utilization of a Tip Credit

38. Defendants pay Named Plaintiffs and the Tip Credit Employees, at an hourly rate below federal and Ohio minimum wage. By paying Named Plaintiffs and the Tip Credit Employees less than the minimum wage per hour, Defendants are taking advantage of a tip credit which allows Defendants to count a portion of the amounts Named Plaintiffs and the Tip Credit Employees receive as tips towards Defendants' obligation to pay tipped employees a minimum wage.

39. However, Defendants jointly maintain a policy and practice whereby Named Plaintiffs and the Tip Credit Employees are required during their regular shifts to perform non-tip producing "side work" unrelated to their tipped occupation, as well as non-tip producing side work related to their tipped occupation.

40. Specifically, Defendants have created an illegal scheme whereby Named Plaintiffs and the Tip Credit Employees are required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, general cleaning of the restaurant, preparing food for customers, refilling condiments, rolling silverware, and clearing tables.

### B. Defendant's Illegal Tip Scheme

41. Defendants jointly created a companywide scheme that enabled them to replace employees who were required to be paid at least the Ohio minimum wage for all hours worked by

7

giving those duties to Named Plaintiffs and the Tip Credit Employees with no regard for how much time they spent performing the tip-supporting tasks.

42. While Named Plaintiffs and Tip Credit Employees were performing non-tip producing side work, Defendants continued to pay Named Plaintiffs and the Tip Credit Employees less than minimum wage and relied on the tip credit to meet Defendants' obligation to pay Named Plaintiffs and the Tip Credit Employees minimum wage.

43. Named Plaintiffs and the Tip Credit Employees often perform tip-supporting work in excess of twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes while still having a tip credit applied to their hourly rates.

44. Defendants' policy and practice of paying Named Plaintiffs and the Tip Credit Employees the tipped minimum wage while they were performing non-tip producing work violates the FLSA and Ohio Wage Laws. As such, Named Plaintiffs and the Tip Credit Employees were not compensated appropriately at the constitutionally mandated minimum wage.

45. Defendants paid Named Plaintiffs and the Tip Credit Employees improperly using the Tip Credit.

46. Additionally, Defendants illegally required servers to pay a portion out of their tips to pay for Defendant's cleaning services. Defendants unlawfully retain 4% of the Bartenders' tips and 7% of the Servers' tips to pay the bill for the cleaning service Defendants hire every week.

47. Because Defendants willfully carried out their illegal scheme, Defendant should not be permitted to use the Tip Credit for any hours Named Plaintiffs and the Tip Credit Employees worked in violation of the law.

48. The unpaid wages to which Named Plaintiffs and the Tip Credit Employees are entitled to have remained unpaid for more than thirty days beyond the regularly scheduled payday.

## V. COURT SUPERVISED NOTICE PURSUANT TO 29 USC §216(b) ALLEGING FLSA VIOLATIONS

49. Named Plaintiffs re-allege, and incorporates by reference, the allegation set forth in the preceding paragraphs.

50. Named Plaintiffs request that the Court issue Court Supervised Notice to the following group of current and former employees defined as:

> **All non-exempt employees employed by Defendants as Servers and Bartenders at any time within three (3) years preceding the commencement of this action who were paid a tipped minimum wage and/or subject to Defendants' tip pooling policies. ("Employees Entitled to Notice")**

51. Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice they seek to have the Court serve notice based upon further investigation and discovery.

52. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

53. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiffs.

54. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for paying them for all hours worked.

55. Named Plaintiffs and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies

described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

56. The Named Plaintiffs and the Employees Entitled to Notice have been similarly affected by the violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned FLSA compliant wages.

57. Named Plaintiffs seek to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

58. Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

59. Named Plaintiffs intend to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA.

60. Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendants' willful refusal to pay minimum wage for all hours worked.

61. As a result of Defendants' FLSA violations, Named Plaintiffs and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

62. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

63. Named Plaintiffs assert this claim on behalf of herself and the Employees Entitled to Notice who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

64. Named Plaintiffs and the Employees Entitled to Notice are employees entitled to the FLSA's protections.

65. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C. § 206(a).

66. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

67. Employers may only take a tip credit for work performed by a tipped employee that is part of the employee's tipped occupation. *See* 29 C.F.R. § 531.56.

68. Employers may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

69. Here, through the companywide practice of utilizing a tip credit even when Named Plaintiffs and Employees Entitled to Notice performed work that directly supports tip-producing work for a substantial amount of time, Defendants forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

70. As such, Defendants have violated the FLSA by failing to pay Named Plaintiffs and the Employees Entitled to Notice for all hours worked at $7.25 per hour.

71. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. 29 U.S.C. § 203(m)(2).

72. Here, Defendants unlawfully retained tips earned by Named Plaintiffs and the Employees Entitled to Notice (4% of the Bartenders' tips and 7% of the Servers' tips) to pay the bill for the cleaning service they hire every week, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

73. Named Plaintiffs and the Employees Entitled to Notice are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

74. In violating the FLSA, Defendants have jointly acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a

75. Named Plaintiffs re-allege and incorporate by reference the foregoing allegations as if fully rewritten herein.

76. Named Plaintiffs bring their Ohio Constitution, Ohio Wage Act and OPPA claims on behalf of themselves and the Employees Entitled to Notice who join this lawsuit.

77. Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit are employees within the meaning of O.R.C. §§ 4111.14(B) and Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

78. Defendants are joint employers within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a and therefore required to comply with the mandates of the Ohio Constitution.

79. Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2024— $10.45 per hour; 2023 — $10.10 per hour; 2022 — $9.30 per hour; 2021 — $8.80 per hour).

80. Article II, Section 34a of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

81. In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

82. Employers may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

83. Here, by utilizing a tip credit even when Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit perform work that directly supports tip-producing work for a substantial amount of time, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

84. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2).

85. Here, Defendants unlawfully retaining tips earned by Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit (4% of the Bartenders' tips and 7% of the Servers' tips) to pay the bill for the cleaning service they hire every week, thus Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

86. Additionally, Defendants have violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit an hourly wage below the required minimum wage.

87. In violating the Ohio Wage Act, Defendants' joint acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

88. Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit are entitled to unpaid minimum wages and two times those wages as additional statutory damages, interest, and attorneys' fees and expenses, and all other remedies available.

## COUNT III
## VIOLATION OF THE OHIO PROMPT PAY ACT

89. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

90. Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who join this lawsuit.

91. The OPPA provides that employers shall pay covered employees all wages, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

92. At all times relevant to this Complaint, Defendants have refused to pay Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit all wages at the statutorily mandated minimum wage rate, within thirty (30) days beyond their regular scheduled payday.

93. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

94. Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit are entitled to an additional six percent (6%) of the unpaid minimum wages as additional liquidated damages, and all other remedies available.

## COUNT V
## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

95. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

96. Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who join this lawsuit.

97. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

98. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

99. O.R.C. § 2307.60 permits anyone injured in one person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

100. As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves and the Employees Entitled to Notice pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

B. For an Order requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Employees Entitled to Notice.

C. In the event the Defendants seek to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period.

D. Issuing proper notice to the Employees Entitled to Notice at Defendants' expense.

E. Unpaid minimum wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the Employees Entitled to Notice that join the lawsuit.

F. An order equitably tolling the statute of limitations as if the Named Plaintiffs and Employees Entitled to Notice.

G. Expectation and damages for all missed payments taken from or applied to the Plaintiffs' and the Employees Entitled to Notice employees' pay;

H. An order awarding the Plaintiffs and the Employees Entitled to Notice who join this case back pay equal to the amount of the Ohio Tip Credit for three (3) years preceding the filing of this Complaint to the present, plus an additional two times that amount in liquidated damages.

I. Designation of the Named Plaintiffs as representative of the Employees Entitled to Noice who join this lawsuit and counsel of record as their counsel.

J. A declaratory judgment that the practices complained of herein are unlawful under the Ohio Wage Laws.

K. Awarding Named Plaintiffs and the Employees Entitled to Noice who join this lawsuit the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

L.	A finding that Defendants acted willfully and without a good faith basis for their violations of the FLSA and the Ohio Wage Laws.

M.	A finding that Defendants have violated the FLSA and the Ohio Wage Laws, and that Defendants have been unjustly enriched with the repayment of tips illegally retained.

N.	Compensatory and punitive damages under O.R.C. § 2307.60.

O.	Awarding pre-judgment and post-judgment interest.

P.	An award of prejudgment and post-judgment interest.

Q.	An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

R.	Any other relief to which the Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit may be entitled.

Dated: July 24, 2024

Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robert E. DeRose*
Robert E. DeRose
*Attorney for Plaintiffs*